UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TIMOTHY RICHARDSON | CIVIL ACTION NO. 08-cv-1463 |
| VERSUS | JUDGE HICKS |
| BOBBY JINDAL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Timothy Richardson ("Plaintiff") filed this pro se civil action against Louisiana Governor Bobby Jindal and the "governing body of the State of Louisiana." Attached to the complaint are medical records that indicate Plaintiff has sickle cell anemia and a history of alcohol and marijuana abuse, at times smoking as many as seven to eight joints a day.

Plaintiff alleges that Louisiana's drug laws that prohibit the use of marijuana are unfair, unjust, and unconstitutional because they prevent sufferers of sickle cell anemia from using marijuana for medical purposes. The court is not aware of any authority that has recognized a constitutional right to use marijuana for medical purposes. The Supreme Court recently held that the federal drug laws that criminalize possession of marijuana could be applied in states that have passed laws permitting the use of marijuana for medical purposes. Gonzalez v. Raich, 125 S.Ct. 2195 (2005). That decision suggests that states are not required by the Constitution to pass laws to permit medical marijuana usage.

Plaintiff also alleges that a provision of the Constitution states "Congress shall pass laws equally from State to State." Plaintiff reasons that this alleged provision means that

Louisiana, because some states have passed medical marijuana laws, must also pass such a law. The court has not been able to locate the cited constitutional provision, and there is simply no legal basis for the claim that one state must enact a law because a few other states have chosen to enact such a law.

Plaintiff next argues that laws against marijuana deny his "freedom of religion." Plaintiff does not identify his religion or the role that marijuana might play in it. Rather, he cites passages from the Bible that mention the words grass or herb. Plaintiff's implied interpretation of these passages to promote marijuana usage is not sufficient, standing alone, to allege a viable cause of action.

Plaintiff next alleges that state marijuana laws violate his rights outlined in a Veteran's Administration patient pamphlet. The pamphlet states that a VA hospital patient should not have to live with excess pain, has the right to have his pain treated, and the right to ask a healthcare provider for pain relief when needed. A VA pamphlet does not create a right enforceable in federal court against the governor of Louisiana. Furthermore, it certainly does not guarantee that a patient may have a drug that is illegal under Louisiana and federal law simply because he desires it for treatment of his pain.

The allegations in Plaintiff's complaint fail to state a claim upon which relief may be granted. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff

with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed** for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of June, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE